Honorable_____

U.S. DEPARMENT OF LABOR
Rochelle Kleinberg
Associate Regional Solicitor
kleinberg.rochelle@dol.gov
Jeannie Gorman, Trial Attorney
gorman.jeannie@dol.gov
sol-sea@dol.gov
Office of the Solicitor
1111 Third Avenue, Suite 945
Seattle, WA 98101
Telephone: (206) 553-0940
Facsimile: (206) 553-2768
Attorneys for Plaintiff

U.S. BANKRUPTCY COURT
DISTRICT OF IDAHO

NOV 1 8 2005

_____ M. REC'D ͞J͞G͞
LODGED_____FILED_____

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ELAINE L. CHAO, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, <br><br> Plaintiff, <br><br> v. <br><br> W.W. LANDSCAPING & SPRINKLERS, INC. dba WW LANDSCAPING SPRINKLERS, a corporation <br><br> Defendant. | **CIV05-477-N-EJL** <br><br> File Number:_____ <br><br> **COMPLAINT FOR VIOLATION OF THE FAIR LABOR STANDARDS ACT** |

Plaintiff brings this action, pursuant to §17 of the Fair Labor Standards Act of 1938, as amended (29 U.S.C §201 *et seq.*), hereinafter called the Act, to enjoin Defendant from violating the provisions of §§15(a)(2), 15(a)(4), and 15(a)(5) of the Act. Plaintiff also and separately brings this action, (1) pursuant to §16(c) of the Act, for the recovery of a Judgment against

COMPLAINT - Page 1

Defendant for unpaid minimum wage and overtime compensation due Defendant's employees and liquidated damages in an amount equal thereto, or, in the event liquidated damages are not awarded, (2) pursuant to §17 of the Act, for the recovery of a Judgment restraining Defendant from withholding payment of minimum wage and overtime compensation due Defendant's employees plus pre-judgment interest computed thereon.

II

Jurisdiction of this action is conferred upon the Court by §17 of the Act and by 28 U.S.C. §§1331 and 1345.

III

Defendant W.W. Landscaping & Sprinklers, Inc. is an Idaho corporation which owns and/or operates W.W. Landscaping & Sprinklers, Inc., and/or W.W. Landscaping Sprinklers, which is within the jurisdiction of this court, and at all times material hereto, has acted directly or indirectly in relation to the employees listed on Exhibit A.

IV

At all times hereinafter mentioned, Defendant has employed and is employing, employees in and about its aforesaid places of business in receiving, preparing, storing, handling, and selling goods and materials which have been transported, shipped, or delivered from points outside the State of Idaho. Said employees, by reason of their activities as aforesaid, were and are engaged in commerce within the meaning of the Act.

V

At all times hereinafter mentioned, Defendant employs and is employing, employees in

outside thereof and were produced for commerce.

VI

At all times hereinafter mentioned, the activities of Defendant (referred to in paragraph III, IV and V above) were and are related and performed through unified operation or common control for a common business purpose, and constitute an enterprise within the meaning of §3(r)(1) of the Act.

VII

At all times hereinafter mentioned, Defendant was engaged in the operation of an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of sales taxes at the retail level stated separately) and as such constitute an enterprise engaged in commerce or the production of goods for commerce within the meaning of §3(s)(A)(ii) of the Act.

VIII

Defendant has violated and is violating the provisions of §§6 and 15(a)(2) of the Act by employing its employees engaged in commerce or in the production of goods for commerce, or in an enterprise engaged in commerce or in the production of goods for commerce, at less than the applicable minimum wage.

IX

Defendant has violated and is violating the provisions of §§7 and 15(a)(2) of the Act by employing its employees engaged in commerce or in the production of goods for commerce, or in an enterprise engaged in commerce or in the production of goods for commerce, for workweeks longer than forty (40) hours without compensating said employees for all their employment in excess of 40 hours in such work weeks at rates not less than one and one-half the

COMPLAINT - Page 3

regular rates at which they were employed.

## X

Defendant violated the provisions of §§11(c) and 15(a)(5) of the Act by failing to maintain, keep, make available (to authorized agents of Plaintiff for inspection, transcription, and/or copying), and preserve records of employees and of the wages, hours, and other conditions and practices of employment maintained, as prescribed by the regulations promulgated by Plaintiff pursuant to the authority granted in the Act and published in the Federal Register and known as Title 29, Code of Federal Regulations, Part 516.

## XI

Defendant has violated the provisions of 12 and 15(a)(4) of the Act by employing minors in oppressive child labor in commerce or in the production of goods for commerce.

## XII

Defendant violated the monetary provisions of the Act as alleged in paragraph VIII, and, as a result, Defendant is liable for unpaid overtime compensation, unpaid minimum wage compensation, and an equal amount in liquidated damages under §16(c) of the Act.

WHEREFORE, cause having been shown, Plaintiff prays for a Judgment against Defendant as follows:

(1)     For an Order pursuant to §17 of the Act permanently enjoining and restraining Defendant, its officers, agents, servants, employees, and all persons acting in its behalf and interest from prospectively violating the provisions of §§15(a)(2), 15(a)(4) and 15(a)(5) of the Act; and

(2)     For an Order

(a)     Pursuant to §16(c) of the Act, awarding Plaintiff money damages to cover

COMPLAINT - Page 4

minimum wage and overtime compensation found by the Court to be due to the present and former employees of Defendant named in Exhibit A attached hereto (and for any person added thereto at a later date) and an equal amount as liquidated damages; or, in the event liquidated damages are not awarded;

        (b)     Pursuant to §17 of the Act, for the recovery of a Judgment restraining Defendant from withholding payment of minimum wage and overtime compensation due Defendant's employees, plus pre-judgment interest computed thereon.

        (3)     Awarding Plaintiff her costs of action;

        (4)     Granting Plaintiff such other and further relief as may be necessary and appropriate.

        DATED this 18th day of November, 2005.

                                Howard M. Radzely
                                Solicitor of Labor

                                Lawrence Brewster
                                Acting Regional Solicitor

                                Rochelle Kleinberg
                                Associate Regional Solicitor

                                Jeannie Gorman
                                Trial Attorney

                                *Rochelle K*

                                U.S. DEPARTMENT OF LABOR
                                Counsel for Plaintiff

## EXHIBIT A TO PLAINTIFF'S COMPLAINT

Butigan, Kevin

Caulfield, David

Cooley, Bryan A.

Glessner, Chris

Herbst, Joe

Jensen, Lars

Maciosek, Justin

Neff, Gary

Nelson, Erick

Parker, Aaron

Penton, Mark

Reynolds, Todd

Thompson, Chris

Wingfield, Ty

EXHIBIT A TO PLAINTIFF'S COMPLAINT - Page 1