UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ELAINE L. CHAO, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, <br><br> Plaintiff, <br><br> v. <br><br> W.W. LANDSCAPING AND SPRINKLERS, INC. dba WW LANDSCAPING SPRINKLERS, <br><br> Defendant. | Case No. CV05-477-S-EJL <br><br> **CONSENT JUDGMENT** |

*Plaintiff has filed her Complaint and Defendant W.W. Landscaping & Sprinklers, Inc. doing business as* WW Landscaping Sprinklers, has appeared and agrees to the entry of this Judgment without contest. It is therefore, upon motion and direction of the Plaintiff and Defendant W.W. Landscaping and Sprinklers, Inc. *doing business as* WW Landscaping Sprinklers, and for cause shown:

IT IS ORDERED, ADJUDGED AND DECREED that Defendant W.W. Landscaping and Sprinklers, Inc. *doing business as* WW Landscaping Sprinklers, their officers, agents, servants, employees and all persons acting or claiming to act in their behalf and interest be, and they hereby are, permanently enjoined and restrained from violating the provisions of §§15(a)(2) and 15(a)(5) of the Fair Labor Standards Act (hereinafter "FLSA" or "the Act") in any of the following manners:

(1)   Defendant W.W. Landscaping and Sprinklers, Inc. *doing business as* WW Landscaping Sprinklers, will not, contrary to §6 of the Act, employ any employees engaged in commerce, or in the

production of goods for commerce, or in an enterprise engaged in commerce or in the production of goods for commerce, at an hourly rate less than the then-applicable minimum wage.

(2) Defendant W.W. Landscaping and Sprinklers, Inc. *doing business as* WW Landscaping Sprinklers, will not, contrary to §7 of the Act, employ any employees engaged in commerce, or in the production of goods for commerce, or in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty (40) hours unless the employee receives compensation for his employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he is employed.

(3) Defendant W.W. Landscaping and Sprinklers, Inc. *doing business as* WW Landscaping Sprinklers, will not fail to make, keep and preserve records of their employees, and of the wages, hours, and other conditions and practices of employment maintained by them, as prescribed by the regulations of the Administrator of the Wage and Hour Division, United States Department of Labor, issued and from time to time amended, pursuant to §11(c) of the Act and found in 29 C.F.R. §516.

(4) Defendant W.W. Landscaping and Sprinklers, Inc. *doing business as* WW Landscaping Sprinklers, shall not employ any oppressive child labor in commerce or in the production of goods for commerce or in any enterprise engaged in commerce or in the production of goods for commerce.

(5) IT IS FURTHER ORDERED that the Plaintiff recover from Defendants W.W. Landscaping and Sprinklers, Inc. *doing business as* WW Landscaping Sprinklers, the sum of $14,000.00 plus interest calculated at 3% on the declining balance, which consists of $11,228.00 in unpaid overtime, minimum wages and liquidated damages due their employees identified on Exhibit A, plus 3% interest to be calculated on the declining balance, and $2,772.00 in civil money penalties for child labor violations due the U.S. Department of Labor. All back wage payments shall be net amounts with all legal deductions taken from the gross amount due as stated on Exhibit "A" and shall be accompanied by a listing of all employees, their social security number, gross amount due, all withholdings, and net amount for which the check is being issued. The "Liquidated Damage" amount from Exhibit "A" shall

be added to the net amount due, as stated on Exhibit "A."  Each payment shall be by check made payable in the alternative to the "U.S. Department of Labor or [the employee named on Exhibit A]" and mailed to:

> Wage and Hour Division
> U.S. Department of Labor
> Attn: Diane Reese-Beyer
> 71 Stevenson Street, Suite 930
> San Francisco, CA  94105-2934

Payment shall be made in seven separate installments.  The first payment shall be made no later than thirty (30) days following the Court's approval of this Consent Judgment, with six subsequent payments to be made starting April 1, 2006, and on the first day of each month thereafter, in accordance with the attached Schedule of Payments.

(a) If there is a default in the receipt of any of the checks for a period of at least twenty days, the amount due the Plaintiff will automatically become $19,244.06 to be appropriately prorated among the employees by the Plaintiff.

IT IS FURTHER ORDERED that the rights of any of the Defendants' employees or ex-employees, not specifically mentioned in Exhibit A to this Judgment, to back wages under the Act, are neither affected nor extinguished by this Judgment and neither party to the action intends or contemplates that the Judgment entered in this action will affect such rights if any.

FURTHER ORDERED that no costs or attorneys fees be allowed.

DATED: **December 2, 2005**

_____
Honorable Edward J. Lodge
U. S. District Judge